TUCKER, Judge.
Upon a joint and several bond, the plaintiff may proceed to take his judgment against the obligors severally; but he can have but one satisfaction.
The execution levied upon the goods of Austin might not have been sufficient to satisfy the plaintiff his whole debt; and he certainly might, in that case, have sued out another execution against Austin for the balance; or he .might have proceeded to obtain judgment and execution against the other party to the bond. Eor the misconduct of the sheriff, to which the'plaintiff was not consenting, could not delay the ^plaintiff from his execution against the other party, although he may have an action against the sheriff, Blumfield’s case, 5 Co. 86; 2 Show. 394 ; 2 Ed. Raym. 1072, 1073; 3 Bac. Ab. 699.
As the case stands, it does not appear, whether the property of Austin, taken by the sheriff, was, or was not, sufficient to satisfy the plaintiff’s demand. It cannot,' therefore, be deemed a satisfaction; and the rule is, that until the plaintiff is satisfied for his whole debt, he may proceed against the other parties to the bond, to obtain it.
ROANE, Judge.
The case of Dykes v. Mercer, is decisive of the case before us. The case of Taylor v. Dundas does not depart from the principle of the decision in that case. It admits the necessity of an actual satisfaction in order to exempt the surety, who is sued in a separate action; but considers the forthcoming bond as such satisfaction. There is no forthcoming bond in the case before us: I mean none subsequent to the execution against Austin, in the bill of exceptions mentioned. The case of Hayling v. Mullhall, 2 W. Bl. 1235, proceeds on the same principle. The seizure by ca. sa. is considered, in regard to the liberty of the subject, as a full satisfaction of the debt by Blackstone, justice ; but, by him, it only operates as a discharge of the identical person so imprisoned. It does not discharge even his goods after his death, nor another endorser where the ca. sa. becomes ineffective. A sensible reason is given in this case by Nares, justice, why there should be a satisfaction of the execution; for else, says he, two securities would not be better than one. The case of Dykes v. Mercer is stronger than the case before us; for, there, for any thing that appears, the sheriff had the goods still in his custody, and might have made the debt, yet the plea did not avail the party making it.
On the authority of these cases, I think the judgment ought to be reversed.
*LYONS, President.
It is to be certified to the district court as the opinion of this court, that the motion for a judgment against the appellee on the forthcoming bond in the proceedings mentioned, ought not to have been overruled for the reasons or matters mentioned in the bill of exceptions; for where two, or more, are jointly and severally bound in a bond, a judgment obtained in a separate suit, or motion against one; a fieri facias issued; and a seizure of property returned, but the property not sold, nor the money paid, is no bar to a second action, or motion, against another of the obligors: nothing but actual satisfaction, by payment of the debt, or giving a forthcoming bond by the obligor, being sufficient to discharge him.
The entry on the order book is as follows:
“The court is of opinion, that the said judgment is erroneous, in this, that the motion for a judgment against the appellee on the forthcoming bond, in the proceedings mentioned, ought not to have been overruled for the reason's or matters stated in the bill of exceptions filed in this cause; for that, where two or more are jointly and severally bound in a bond, and judgment obtained in a separate suit or motion against one, and a fieri facias issued and a seizure of property returned, but the property not sold, nor the money paid, it is no bar to a second action or motion against another obligor; nothing but actual satisfaction by payment of the debt, or giving a forthcoming bond by the obligor, being sufficient to discharge him: Therefore, it is considered that the said judgment be reversed and annulled, and that the appellant recover against the appellee, for the benefit of the said John Parker, administrator of Elizabeth Tyree, deceased, his costs, by him expended in the prosecution of his appeal aforesaid here. And this court, proceeding to give such judgment as the said district court ought to have given, it is further considered, that the appellant recover against the appellee, for the benefit of the said John Parker, administrator of Elizabeth Tyree, deceased, four hundred and *eighty-four pounds eighteen shillings, the penalty of the said bond, and his costs, by him, about his motion in the said district court, expended ; but this judgment is to be dis *1009 charged by the payment of two hundred and forty-two pounds nine shillings, with interest thereon, to be computed after the rate of five per centum per annum, from the twentieth day of December, 1796, till payment, and the costs.”